The relief described hereinbelow is SO ORDERED.

Signed February 17, 2010.



_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

**In re:**

**ALAN GAIL ABRAM and**                                    **Case No. 09-20877**
**SUSAN CHRISTINE ABRAM,**                                         **Chapter 7**
              **Debtors.**

_____

**COMMUNITY NATIONAL BANK - CHANUTE,**
        **Plaintiff,**

        **v.**                                             **Adv. No. 09-6048**

**ALAN GAIL ABRAM and**
**SUSAN CHRISTINE ABRAM,**
        **Defendants.**

_____

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff's unopposed Motion for Partial Summary Judgment is before the Court.[1]

Plaintiff Community National Bank - Chanute seeks to except from discharge under 11 U.S.C.

---

  [1] Doc. No. 15.

§523(a)(2), (4), and (6) a deficiency balance it claims Debtors caused by selling the Bank's collateral without applying the proceeds to the debt and physically damaging the Bank's collateral. The motion seeks judgment under §523(a)(6).

## Findings of Fact

Debtors filed for bankruptcy on March 29, 2009. Debtors owned and operated a turkey farm where they later attempted a cattle business. The Bank had a lending relationship with Debtors since at least 1997. In 2008, Debtors owed the Bank approximately $155,000.00 when the Bank instigated foreclosure proceedings on its collateral. The Bank's collateral consisted of Debtors' homestead, inventory, equipment, accounts, general intangibles and other items listed in its security agreements. The foreclosure resulted in a sheriff's sale of the homestead with a one year redemption period. Debtors abandoned the homestead, and the state court, after stay relief had been obtained, extinguished the redemption period on October 15, 2009.

The Bank alleges several items of collateral are missing. Debtors admit they sold some cattle and a tractor without remitting the proceeds to the Bank. The Bank submits an uncontroverted affidavit stating it did not consent to the sale of collateral. The Bank representative testifies he had numerous conversations with Debtors regarding the sale of collateral and in all instances discussed the proceeds from the sale needed to be paid to the Bank to be applied to the balance on their loans. The Bank representative further testifies he never advised Debtors to retain any proceeds from the sale of any pledged collateral. Another Bank representative testifies the Bank's damages amount to $60,000.00 as a result of Debtors selling collateral without remitting the proceeds to the Bank.

The Bank presents uncontroverted testimony stating Debtors abandoned the homestead,

-2-

left it open to the elements and to animals, which took up residence within. Fixtures were also removed from the homestead causing further damage. These allegations do not appear in the complaint, and the sequence of events lead to an inference the abandonment most likely occurred post-petition.

## Conclusions of Law

### A.     Summary Judgment Standard.

Summary judgment is appropriate if the moving party demonstrates there is no genuine issue as to any material fact, and he is entitled to judgment as a matter of law.[2] All material facts set forth in the movant's statement shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of the opposing party.[3] If the opposing party does not respond, summary judgment should, if appropriate, be entered against that party.[4] All inferences are to be construed in favor of the non-moving party.[5] Only when reasonable minds could not differ as to the import of the proffered evidence is summary judgment proper.[6] The moving party has the burden of establishing that he or she is entitled to summary judgment.[7] This Court's function is not to weigh the evidence, but merely to determine whether there is sufficient evidence favoring the nonmovant for a finder of fact to return a verdict in that party's favor.[8]

---

[2]  Fed. R. Bankr. P. 7056.

[3]  D. Kan. LBR 7056.1(a).

[4]  Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(e)(2).

[5]  *Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1148 (10th Cir. 2000).

[6]  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250-51 (1986).

[7]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[8]  *Anderson*, 477 U.S. at 249.

10.02.17 Chanute v Abram SJ.wpd

### B.     11 U.S.C. §523(a)(6) and the Bank's Claim of Converted Collateral.

A discharge in bankruptcy does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.[9] Thus, a person who commits an intentional tort will not be absolved of liability through a discharge in bankruptcy.[10] The plaintiff must prove by the preponderance of the evidence the debtor intended to cause the injury through his actions.[11] Section 523(a)(6) exceptions to discharge are construed in favor of the debtor.[12] The willful and malicious standard is stringent, and debts arising from recklessness or negligence do not qualify.[13] The creditor must prove the debtor intended the resulting injury or that he was at least substantially certain to cause injury.[14] In order to except a debt from discharge for converting collateral, the Bank must show (1) Debtors committed a wrongful and intentional act; (2) the act necessarily caused injury to the Bank; (3) the act was without just cause or excuse; and (4) Debtors acted with the specific intent to cause injury to the Bank or knew or believed injury to the Bank was substantially certain to occur as a result of their actions.[15]

In this case, the Bank submits uncontroverted evidence (1) Debtors knowingly sold the Bank's collateral; (2) Debtors did not apply the proceeds to their loans; and (3) the failure to remit the proceeds caused the Bank to incur a $60,000.00 deficiency it would not otherwise have

---

[9]  11 U.S.C. §523(a)(6).

[10]  *Panalis v. Moore (In re Moore),* 357 F.3d 1125, 1128 (10th Cir. 2004).

[11]  Fed. R. Bankr. P. 4005; *Grogan v. Garner,* 498 U.S. 279 (1991); *In re Graham,* 973 F.2d 1089, 1098-1102 (3rd Cir. 1992).

[12]  *Bellco First Fed. Credit Union v. Kaspar (In re Kaspar),* 125 F.3d 1358, 1361 (10th Cir. 1997).

[13]  *Kawaauhau v. Geiger,* 523 U.S. 57, 64 (1998).

[14]  *Via Christi Regional Med. Ctr. v. Budig (In re Budig),* 240 B.R. 397, 401 (D. Kan. 1999).

[15]  *Exchange Bank v. Burd (In re Burd),* 2007 WL 2401836 (Bankr. N.D. Okla. 2007), *citing Geiger,* 523 U.S. at 61-64; *Budig,* 240 B.R. at 401; *Mabank Bank v. Grisham (In re Grisham),* 245 B.R. 65, 71-72 (Bankr. N.D. Tex. 2000).

10.02.17 Chanute v Abram SJ.wpd

suffered but for the Debtor's failure to apply collateral proceeds to their notes. The Debtors do not controvert the Bank's evidence.

The Bank raises the issue of waste to the homestead. The Bank fails to make its case because the Bank does not allege when the damage occurred. If the damage occurred pre-petition, the Bank did not meet its burden of proof establishing that fact. If the damage occurred post-petition, the Debtor's post-petition actions are not subject to the discharge injunction and may be addressed in the proper forum. This Court does not have jurisdiction to except from discharge damages caused post-petition.

**Conclusion**

IT IS THEREFORE ORDERED Plaintiff's Motion for Partial Summary Judgment under 11 U.S.C. §523(6) is GRANTED as to the converted collateral in the amount of $60,000.00. A separate order of judgment in Plaintiff's favor will be entered.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

10.02.17 Chanute v Abram SJ.wpd